**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

GUADALUPE ANTONIO NAVARRETE,

Case No. 5:23-cr-00652-MIS

Defendant.

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

**THIS MATTER** is before the Court on Defendant Guadalupe Antonio Navarrete's letter, docketed March 9, 2026, asking the Court to reevaluate his criminal history points and criminal history category in light of the "Intervening Arrest" amendment to the 2025 Sentencing Guidelines. ECF No. 82. The Court construes the letter as a Motion for Reduction of Sentence.

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment for a defendant "'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). See also United States v. Piper, 839 F.3d 1261, 1266 (10th Cir. 2016) ("Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence under a Guidelines amendment if the reduction is consistent with U.S.S.G. § 1B1.10, the Sentencing Commission's relevant policy statement, and after considering the factors in 18 U.S.C. § 3553(a)."). Only the amendments listed in U.S.S.G. § 1B1.10(d) have been made retroactive. See United States v. Ramirez, 698 F. App'x 943, 945 (10th Cir. 2017) ("Amendment 794 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission."); see also U.S. Sent'g Guidelines Manual [hereafter U.S.S.G.] §

1B1.10(a)(2) (U.S. Sent'g Comm'n 2025) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant[.]").  Thus, "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . ." U.S.S.G. § 1B1.10 Appl. Note 1 (U.S. Sent'g Comm'n 2025).

Here, Defendant—who was sentenced March 20, 2024—requests a sentence reduction based on Amendment 832, Part B—which became effective November 1, 2025—which clarifies that "a traffic stop is not an intervening arrest" for purposes of computing a defendant's criminal history.  See United States Sentencing Commission, Amendment 832, available at https://www.ussc.gov/guidelines/amendment/832 (last visited Mar. 11, 2026); see also U.S.S.G. § 4A1.2(a)(2) (U.S. Sent'g Comm'n 2025); 90 Fed. Reg. 19798-01, 19800.

Amendment 832 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission.  United States v. Thompson, Criminal No. 3:23-CR-30009-002, 2026 WL 408649, at *2 (W.D. Ark. Jan. 23, 2026) (recommending that the defendant's motion for sentence modification should be denied because Amendment 832 is not listed in U.S.S.G. § 1B1.10(d) and "the Court cannot locate any authority supporting that [Amendment 832 is] retroactive"), report and recommendation adopted, 2026 WL 404411 (W.D. Ark. Feb. 12, 2026); see also United States v. Kuot, 4:20-CR-3130, 2025 WL 3079996, at *1 (D. Neb. Nov. 3, 2025) (observing that the new Guidelines amendments have not yet been applied retroactively).  Consequently, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2).  See Thompson, 2026 WL 408649, at *2; see also United States v. Nunez, Case No. 2:25-cr-00394-MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026) (concluding that the defendant

2

was not entitled to a sentence reduction under Section 3582(c)(2) because Amendment 833 has not been made retroactive by the Sentencing Commission); United States v. Leones, CASE NO: 8:20-cr-138-CEH-AAS, 2025 WL 3537608, at *3 (M.D. Fla. Dec. 10, 2025) (same); United States v. Ramirez-Roman, No. CR-21-01384-001-TUC-JCH (EJM), 2025 WL 3718464, at *1 (D. Ariz. Dec. 23, 2025) (same).

Even if Amendment 832 had been made retroactive by the Sentencing Commission the Court would still deny relief because Defendant's criminal history was not computed using an "intervening arrest." See Presentence Investigation Report ¶¶ 44-51, ECF No. 54.

Accordingly, it is **HEREBY ORDERED** that Defendant's construed Motion for Reduction of Sentence, ECF No. 82, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3